

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 6, 1961

Honorable George W. Miller          Opinion No. WW-1212
County Attorney
Briscoe County                      Re: Whether under the stated
Silverton, Texas                        facts, the statement fur-
                                        nished by a sheriff for
                                        automobile travel on offi-
                                        cial business, pursuant to
                                        Article 6877-1, Vernon's
                                        Civil Statutes, is suffi-
                                        cient to require payment
Dear Mr. Miller:                        of the mileage claim.


        You have requested an opinion of this Department as to
whether, under the facts stated, the monthly mileage statement
of the sheriff of Briscoe County which you enclosed is suffi-
cient, and shows sufficient itemization under the law to re-
quire payment of the same.

        Article 6877-1, Vernon's Civil Statutes, to which
you refer in your letter, reads in part as follows:

        "The County Commissioners Courts of this
    state are directed to supply and pay for trans-
    portation of sheriffs of their respective
    counties and their deputies to and from points
    within this State, under one of the four (4)
    following sections:

        ". . .

        "(c) Alternatively, such County Commis-
    sioners Courts may allow sheriffs and their
    deputies in their respective counties to use
    and operate cars on official business which
    cars are personally owned by them for which
    such officers shall be paid not less than six
    cents (6¢) per mile nor more than ten cents
    (10¢) per mile for each mile traveled in the
    performance of official duties of their office.

        "(d) All compensation paid under the
    provisions of this Act shall be upon a sworn
    statement of such sheriff."

You state in your request that the Commissioners Court of Briscoe County does not furnish the sheriff with an automobile, and that the Court has elected to allow the sheriff to use his personal car on official business and to pay the minimum mileage as required by the statute.

Your request further states that the sheriff keeps a record of all trips made out of the county on personal business, and in addition, he estimates the mileage of his in-town personal trips. Taking the above (including the estimated in-town personal trips), you state that he deducts this total figure from the total mileage as reflected by the speedometer reading on his automobile to ascertain the official miles driven in business.

First, in Attorney General's Opinion V-293 (1947), we held that the provisions of this statute were mandatory, and that the Commissioners Court must determine under which of the subdivisions of the Act it will furnish the sheriff and his deputies transportation. (See also Attorney General's Opinion O-4882 (1942).) Further, it is clear that when the Court makes an election to provide such transportation under subdivision (c) of this statute, it may not pay expenses incidental to the upkeep and operation of such cars. (See Attorney General's Opinion V-621 (1948).)

In Attorney General's Opinion V-526 (1948) it was held that the Commissioners Court may require the sheriff to furnish the Court such information which is necessary for the Court to determine what mileage was traveled in the performance of official duties. Of course, the sheriff is not entitled to traveling expenses incurred in the use of his automobile while traveling to and from his residence and his office, since such does not constitute performance of official duties.

Now, as to your specific question, we are of the opinion that the method of recording and tabulating mileage by the sheriff here is not a sufficient statement and itemization under the law to require payment of the same by the Commissioners Court. In Attorney General's Opinion R-1760 (1949), this office held that said Court is not authorized to allow traveling expenses to the sheriff and his deputies based on a mere estimate, but must determine the number of miles actually traveled in the performance of his official duties.

Thus, while there is no particular method the Commissioners Court must use in determining the number of miles actually traveled other than it must require the sheriff and his deputies to file their respective sworn accounts before

allowing any traveling expenses, a conclusion as to the total figure of official mileage reached in part by a guess or estimate on their part would not be proper in the light of the foregoing.

### S U M M A R Y

The Commissioners Court is not authorized to allow traveling expenses to the sheriff and his deputies based on a mere estimate, but must determine the number of miles actually traveled in the performance of their official duties.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

EBS:dhs

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

J. C. Davis

W. Ray Scruggs

Bill Allen

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.